UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   #14[08/05 hrg off]

| Case No. | CV 13-1104 PSG (OPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | Fred J. Peters, et al. v. Bank of America Corporation, et al. | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge | |
|---|---|---|
| | Wendy Hernandez | Not Reported |
| | Deputy Clerk | Court Reporter / Recorder |
| | Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| | Not Present | Not Present |

**Proceedings:** (In Chambers) Order DENYING Motion to Dismiss

Before the Court is Defendant Bank of America, N.A.'s ("Bank of America" or "Defendant") motion to dismiss. Dkt. # 14. The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); L.R. 7-15. After considering the moving and opposing papers, the Court DENIES the motion to dismiss.

I.      Background

Plaintiffs Fred J. Peters and Mary Ann Peters ("Plaintiffs") brought this suit against Bank of America, N.A., erroneously sued as Bank of America Corporation; JPMorgan Chase National Corporate Services, Inc.; and WEX, Inc., formerly known as Wright Express, for allegations relating to identity theft. *See* Dkt. # 1. Plaintiff Fred Peters owns a truck repair service, and alleges that his secretary, Rebecca Markham ("Markham"), utilized his business information to open accounts and lines of credit with Bank of America. *Compl.* ¶¶ 8-11. Markham also allegedly cashed checks drawn from the lines of credit with Bank of America. *Id.* Plaintiffs allege that they called Bank of America and sent letters to dispute the balance advances that Markham obtained. *Id.* ¶ 11. They also allege that Bank of America honored $134,781 in unsigned checks from the line of credit obtained by Markham. *Id.* Plaintiffs further allege that they obtained a police report detailing the identity theft in January 2013 and provided that police report to Bank of America, *id.* ¶ 13A, but that Bank of America refused to credit Plaintiffs' accounts, and has refused both to cancel the debts procured by Markham and to close the fraudulent accounts opened by Markham. *Id.* ¶ 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   **#14[08/05 hrg off]**

| Case No. | CV 13-1104 PSG (OPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | Fred J. Peters, et al. v. Bank of America Corporation, et al. | | |

Plaintiffs' Complaint asserts causes of action for: (1) violation of California's Identity Theft Law, California Civil Code § 1798.93; and (2) statutory conversion under California Commercial Code § 3420(a). On June 27, 2013, Bank of America filed this Motion to Dismiss, arguing that Plaintiffs cannot state a claim against Bank of America for either cause of action.

II.     Legal Standard

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a cause of action if the plaintiff fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In evaluating the sufficiency of a complaint under Rule 12(b)(6), courts should be mindful that the Federal Rules of Civil Procedure generally require only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required to survive a Rule 12(b)(6) motion to dismiss, a complaint that "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, the complaint must allege sufficient facts to support a plausible claim for relief. *See id*.

In evaluating a Rule 12(b)(6) motion, the court must engage in a two-step analysis. *See id.* at 1950. First, the court must accept as true all non-conclusory, factual allegations made in the complaint. *See Leatherman*, 507 U.S. at 164. Based upon these allegations, the court must draw all possible inferences in favor of the plaintiff. *See Mohamed v. Jeppesen Dataplan, Inc.*, 579 F.3d 943, 949 (9th Cir. 2009).

Second, after accepting as true all non-conclusory allegations and drawing all reasonable inferences in favor of the plaintiff, the court must determine whether the complaint alleges a plausible claim for relief. *See Iqbal*, 129 S. Ct. at 1950. Despite the liberal pleading standards of Rule 8, conclusory allegations will not save a complaint from dismissal. *See id.*

III.    Discussion

   A.     Violation of California Civil Code § 1798.93

Plaintiff's first claim arises under California Civil Code § 1798.93 pursuant to which a "victim of identify theft" may bring an action against a "claimant" in order to establish that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**#14[08/05 hrg off]**

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-1104 PSG (OPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | Fred J. Peters, et al. v. Bank of America Corporation, et al. | | |

"person is a victim of identity theft in connection with the claimant's claim against that person." Cal. Civ. Code § 1798.93(a). Bank of America argues this claim must be dismissed because Bank of America is not a "claimant" as defined in the statute.

California Civil Code § 1798.92(a) defines a "claimant" as "a person who has or purports to have a claim for money or an interest in property in connection with a transaction procured through identity theft." According to the Ninth Circuit, "the term 'claimant,'... reflects a present tense interest in a debt or attempt to collect." *Satey v. JP Morgan Chase & Co.,* 521 F.3d 1087, 1092 (9th Cir. 2008). Thus, "claimant" cannot be construed to "include a person who had an interest in a disputed debt at some point in the past, but who no longer retains the interest at the time suit is filed." *Id.* at 1093.

In *Satey*, the plaintiff filed a claim against the defendant, who had issued a credit card to the plaintiff. *Satey*, 521 F.3d at 1089. After noticing unauthorized charges on her credit card in the amount of $8,666.00, the plaintiff contacted the defendant to report the charges, and the defendant closed the credit card account. *Id.* Later that day, the defendant called the merchant where the unauthorized charges had been made and determined that the charges were legitimate. *Id.* at 1090. The defendant attempted to collect the debt from the plaintiff, and plaintiff refused to pay, at which point the defendant reported the plaintiff's delinquency to the credit bureaus. *Id.* The plaintiff then received notification that her debt had been sold to another entity that was responsible for collecting the debt. *Id.* The plaintiff then filed suit against the defendant, arguing that the defendant had violated California's Identity Theft law. *Id.* However, the Ninth Circuit found that because the defendant had sold the debt, and no longer had an interest in the debt, it was not a claimant as defined by the statute. *Id.* at 1093.

Bank of America relies on *Satey* to argue that it is not a claimant because Plaintiffs have never alleged that Bank of America has attempted to collect on the debt or enforce any security for the lines of credit. This argument lacks merit because the *Satey* court did not decide that the defendant was not a claimant because it had not attempted to collect on the debt or enforce any security for the lines of credit; indeed, the defendant *had* attempted to collect a debt. Rather, the court found that the defendant was not a claimant because it did not have an *interest* in the disputed debt at the time the lawsuit was filed. *Satey*, 521 F.3d at 1093. The court acknowledged that the plaintiff could seek relief against the new "claimant," the financial institution that had procured the debt, although there was no language in the opinion suggesting that the new claimant had attempted to collect on the debt. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

#14[08/05 hrg off]

## CIVIL MINUTES - GENERAL

| Case No. | CV 13-1104 PSG (OPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | Fred J. Peters, et al. v. Bank of America Corporation, et al. | | |

Thus, it is irrelevant that Defendant has not yet attempted to collect Plaintiffs' debt, or to enforce any security for the lines of credit. The salient factor is that, at this time, Plaintiffs allege that Defendant still maintains an *interest* in the debt. *See Compl.* ¶ 14. Because Plaintiffs allege that Bank of America maintains an interest in the debt, continued attempts to collect on the debt are plausible. As such, Defendant's argument that Plaintiff fails to state a claim because Defendant cannot be classified as a claimant is without merit, and Defendant's motion to dismiss is DENIED.

B.  Violation of California Commercial Code § 3420(a)

Section 3420 provides:

> (a) The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (1) the issuer or acceptor of the instrument or (2) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

Cal. Comm. Code § 3420.

In *Sehremelis,* third parties obtained and forged checks from the plaintiffs' bank, the drawee bank, and deposited them into another bank, the collecting bank. *Sehremelis v. Farmers & Merchants Bank*, 6 Cal. App. 4th 767, 777, 7 Cal. Rtpr. 2d 903 (1992). The plaintiffs attempted to recover from the collecting bank, and the court reasoned that plaintiffs did not have a conversion claim against the collecting bank, but only against the drawee bank. As explained in *Sehremelis,*

> [A]lthough a collecting bank's payment on a forged indorsement directly injures the payee of the check, the injury to the drawer, and collecting bank liability for it, are contingent at best. They do not ripen unless and until the drawee-payor bank charges the drawer for the check *and* the time to reverse the charge expires. But at that point, "the drawer's cause of action for such conversion only runs against the drawee bank. Thus while a payee is entitled to sue a depositary bank in conversion for money paid to a third person on a forged endorsement which should have been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  #14[08/05 hrg off]

| Case No. | CV 13-1104 PSG (OPx) | Date | August 1, 2013 |
|---|---|---|---|
| Title | Fred J. Peters, et al. v. Bank of America Corporation, et al. | | |

paid to him, a drawer has no such right to sue a depositary or collecting bank for conversion.... [H]is cause of action against them is restricted to his contract claim based on the warranties impliedly extended to him by the negotiation of the check...."

*Sehremelis,* 6 Cal. App. 4th at 776 (quoting *Allied Concord Fin. Corp. v. Bank of America Nat'l Trust and Sav. Assoc.,* 275 Cal. App. 2d 1, 8, 80 Cal. Rptr. 622, 627 (1969)) (alterations in original).

Defendant attempts to argue that this case is like *Sehremelis* because Plaintiffs have no interest in the funds that were drawn by Markham. Defendant notes that the fraudulent checks were drawn from lines of credit secured by accounts that Plaintiffs did not open. However, Plaintiffs have sufficiently alleged a conversion claim because Plaintiffs allege that the fraudulently drawn funds were drawn against Plaintiffs' accounts at Bank of America and Bank of America has refused to credit them for Markham's fraudulent activity. *Compl.* ¶¶ 8-11, 13A-15, 35, 38. Thus, based on Plaintiffs' allegations, under *Sehremelis*, Plaintiffs have alleged a claim against a drawing bank, and have further alleged that the funds were drawn against their own accounts. As such, Defendant's argument that Plaintiffs lack interest in the funds is without merit. The motion to dismiss the California Commercial Code § 3420 claim is DENIED.

IV.     Conclusion

For the foregoing reasons, the motion to dismiss is DENIED as to both causes of action.

**IT IS SO ORDERED.**